UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22041-CIV-COHN/SELTZER

SEA PACK, INC.,

    Plaintiff,

v.

TRANS-JAM EXPRESS
SHIPPING CO.,

    Defendant.
_____/

## ORDER REGARDING SERVICE OF PROCESS

**THIS CAUSE** is before the Court on Plaintiff's Status Report and Motion to Effect Service Through Alternate Means [DE 9] ("Motion").  The Court has carefully reviewed the Motion and the record in this case and is otherwise fully advised in the premises.

Plaintiff Sea Pack, Inc., is a Florida corporation engaged in business as "a non-vessel owning common carrier of merchandise by water for hire." DE 1 at 1, ¶ 2. Defendant Trans-Jam Express Shipping Co. is a New York corporation that provides "international transportation of goods in foreign transit." Id. at 1, ¶ 3.  On June 6, 2013, Plaintiff brought this action claiming that Defendant breached maritime contracts by failing to pay Plaintiff $27,084.40 for shipping certain goods.  See id. at 4.

In its Complaint, Plaintiff asserts that it may effect substituted service of process on the Florida Secretary of State because Defendant is a nonresident corporation doing business in Florida, the present claim arises from those activities, and Defendant has no registered agent or officer in Florida.  See DE 1 at 3, ¶ 6; Fla. Stat. § 48.181; see also Fed. R. Civ. P. 4(e)(1), (h)(1)(A) (allowing service of a corporation by following the law of the state "where the district court is located or where service is made").

As relevant here, Florida Statutes section 48.161(1) imposes three requirements for substituted service:  (1) sending the process to the Secretary of State by certified mail, (2) sending notice of service and the process to Defendants by registered or certified mail, and (3) filing the return receipt for Defendants' mailing and an affidavit of compliance "on or before the return day of the process or within such time as the court allows."  Fla. Stat. § 48.161(1).  "Perfection of substituted service requires strict compliance with the statutory prerequisites because such service is an exception to personal service."  Wyatt v. Haese, 649 So. 2d 905, 907 (Fla. 4th DCA 1995).  Nevertheless, "a court may dispense with the filing of a postal receipt under the substituted service statute where a defendant is evading service."  Garcia v. Vanguard Car Rental USA, Inc., 2007 WL 914052, at *3 (M.D. Fla. Mar. 22, 2007); see Wise v. Warner, 932 So. 2d 591, 593 (Fla. 5th DCA 2006); see also Woodworth v. Smith, 773 So. 2d 1170, 1170 (Fla. 2d DCA 2000) ("The failure to comply with the statutory requirements has been excused when the record shows that the party to be served is deliberately refusing to accept delivery.").

Here, Plaintiff mailed a copy of the Summons and Complaint to the Florida Secretary of State's office on or about June 6, 2013.  See DE 3 at 1; DE 5 at 1.  That office accepted service for Defendant on June 12, 2013, and so notified Plaintiff in a letter of June 18, 2013.  See DE 5-1 at 1.  On June 24, 2013, Plaintiff sent the required service documents to Defendant's last known address by certified mail, return receipt requested.  See id. at 2.

Because Plaintiff did not receive the return receipt by the date Defendants' response was due, the Court granted Plaintiff a one-month extension to file the executed receipt.  See DE 5, 6.  At the end of that period, Plaintiff reported that its

2

mailing to Defendant had been returned as undelivered after notice was left for the recipient.  See DE 7-1 at 1.  Plaintiff had also made two more attempts to send the service papers to Defendant by certified mail.  But one of those mailings was refused (possibly three times), and the other apparently was not delivered.  See id. at 1-2.[1]  Based on these facts, as well as Plaintiff's ongoing investigation of service by alternate means, the Court granted Plaintiff an additional month to file an executed return receipt.  See DE 8.  The Court further directed Plaintiff, if it did not obtain return receipt, to file a status report concerning service of process, including "Plaintiff's efforts to effect service through alternate means and whether it is appropriate to proceed with this action if Defendant is evading service."  Id.

In its present Motion, Plaintiff states that it still has not obtained a return receipt for any of its certified mailings to Defendant.  Plaintiff therefore requests that the Court allow delivery of the service documents by alternative means, namely, Federal Express.  In support of this request, Plaintiff maintains that Defendant is "unquestionably avoiding service."  DE 9 at 1.

The Court declines to allow delivery of the service papers by Federal Express because section 48.161(1) specifically requires delivery "by registered or certified mail."  Fla. Stat. § 48.161(1).  Again, Florida law mandates "strict compliance" with the statute's requirements.  Wyatt, 649 So. 2d at 907.  And though Plaintiffs cite decisions allowing service by Federal Express, those cases involve a federal rule permitting alternative service of parties in foreign countries.  See Fed. R. Civ. P. 4(f)(3).

---

[1] The tracking information for the second certified mailing indicates that the letter was "Refused" on three separate occasions.  DE 7-1 at 1.

The Court concludes, however, that Plaintiff should not be required to file a return postal receipt here because the record shows that Defendant is evading service. See Garcia, 2007 WL 914052, at *3; Wise, 932 So. 2d at 593.  Three different times, Plaintiff sent certified mailings to Defendant's last known address, yet none of those letters were claimed by Defendant.  While it is possible that two of the mailings were not delivered for other reasons, one of the letters was refused.  In view of these facts, the Court finds that Defendant has intentionally refused to accept delivery of the service documents.  See Woodworth, 773 So. 2d at 1170.  The Court will therefore excuse Plaintiff's filing of an executed mailing receipt.  See id.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Effect Service Through Alternate Means [DE 9] is **DENIED**;

2. By **September 20, 2013,** Plaintiff shall file an affidavit of compliance in accordance with Florida Statutes section 48.161(1), but Plaintiff need not submit an executed mailing receipt.  Service of process will be deemed complete upon Plaintiff's filing of the affidavit; and

3. Plaintiff shall serve a copy of this Order and all future case filings on Defendant by first-class mail.  See Fed. R. Civ. P. 5(b)(2)(C).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of September, 2013.

_____
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF